2011 WY 101

**Kelly David ROBINSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S-10-0234.

Supreme Court of Wyoming.

June 29, 2011.

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; and Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Leda M. Pojman, Senior Assistant Attorney General. Argument by Ms. Pojman.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Kelly David Robinson (Robinson), was convicted of three misdemeanors and one felony. All of these crimes arose in a domestic violence context. Robinson challenges one of those misdemeanor convictions, a violation of a protection order charged under Wyo. Stat. Ann. § 6-4-404 (LexisNexis 2009). The gravamen of the crime was that he mailed a letter from his jail cell in Oregon (where he was being held on a warrant for his other Wyoming crimes) to the victim who had obtained the protection order. The posting and the eventual receipt of that letter by the victim was the basis for the violation of the protection order issued by the circuit court of Crook County. Among other things, Robinson claims that there is insufficient evidence to sustain a conviction for the crime charged. Although our decision is based upon grounds somewhat different from those raised in the briefs, we will reverse that conviction and remand this matter to the district court with directions that the conviction at issue be vacated and that Robinson be resentenced accordingly.

**ISSUES**

[¶ 2] Robinson raises these issues:

I. Did the district court have subject matter jurisdiction to prosecute a violation of Wyo. Stat. Ann. § 7-3-510(c) under § 6-4-404?

II. Was venue proper where [Robinson's] act occurred outside the county of prosecution?

III. Was sufficient evidence presented to prove an act of violation of the protection order within Crook County?

IV. Did the trial court abuse its discretion by allowing the testimony of the "domestic violence" expert?

The State conforms its statement of the issues to that presented by Robinson.

**FACTS AND PROCEEDINGS**

[¶ 3] The details of this case are not of significance. For the sake of background and context, we note that Robinson was charged with, and was convicted of: (1) Aggravated assault, a felony described in Wyo.

Stat. Ann. § 6–2–502(a)(iii) (LexisNexis 2009); (2) unlawful contact with a household member, a misdemeanor described in Wyo. Stat. Ann. § 6–2–501(g) (LexisNexis 2009); (3) property destruction and defacement, a misdemeanor described in Wyo. Stat. Ann. § 6–3–201(a) and (b)(i) (LexisNexis 2009); and (4) violation of a protection order, a misdemeanor described in Wyo. Stat. Ann. § 6–4–404(a) (LexisNexis 2009).

[¶ 4]   Over the course of two days, August 1–2, 2009, Robinson and the victim engaged in arguments and physical confrontations over an alleged love triangle.  The victim asked Robinson to leave the apartment they shared and he refused to do so, so she left. She returned the next day to get some of her things, and Robinson became violent in his actions toward her.  During the altercation, Robinson held a knife to her throat and threatened her (aggravated assault), and he kneed her in the back knocking her to the ground (battery against household member). The victim managed to get away from him, and Robinson followed her out to her car where he slashed one of the tires on her car (property destruction/defacement).   Based upon these events, a protection order was issued by the circuit court prohibiting Robinson from having any contact with the victim. Robinson then left Wyoming.   Warrants were issued for his arrest by the Wyoming court.  Eventually, he was found in the state of Oregon, where he was arrested and held in jail pending extradition to Wyoming.  While in jail, he wrote a letter and posted it to the victim.   That conduct violated the terms of the protection order.  It is only that conviction which we are concerned with in this appeal.

### DISCUSSION

[¶ 5]   Citing to Wyo. Stat. Ann. §§ 7–3–507 through 7–3–511 (LexisNexis 2009), the victim filed a petition for a stalking order in the circuit court on September 18, 2009. The circuit court found that Robinson's conduct constituted stalking as defined by § 6–2–506(b) and that a protective order should be entered.

[¶ 6]   Robinson contends that the statutes which govern the circumstances of this case

cannot support a conviction under § 6–4–404. That statute is found in Title 6 of the Wyoming statutes (Crimes and Offenses), in a chapter that deals with offenses against morals, decency, and family, and a subchapter entitled, "Offenses against the Family" (bigamy, incest, abandoning children, and endangering children).  It provides:

> **§ 6–4–404.  Violation of order of protection; penalty.**
>
> **(a) Any person who willfully violates a protection order or valid foreign protection order as defined in W.S. 35–21–109(a), is guilty of a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both.**
>
> (b) For purposes of subsection (a) of this section, "protection order" means an order of protection issued pursuant to W.S. 35–21–104 or 35–21–105 or any injunction or other order issued for the purpose of preventing violent or threatening acts or harassment against, or contact or communication with or physical proximity to, another person, including temporary and final orders issued by civil and criminal courts, other than support or child custody orders, whether obtained by filing an independent action or as a pendente lite order in another proceeding so long as any civil order was issued in response to a complaint, petition or motion filed by or on behalf of a person seeking protection. [Emphasis added.]

The cited statutes from Title 35 of the Wyoming statutes deal with protection orders under a chapter dealing with domestic violence protection (and orders which are issued in this state, as well as valid foreign protection orders).

[¶ 7]   The victim's petition was filed pursuant to § 7–3–507, which provides:

> **§ 7–3–507.  Petition for order of protection; contents; requisites; indigent petitioners.**
>
> (a) A victim of stalking, or the district attorney on behalf of the alleged victim, may file with the court a petition for an order of protection.

(b) The petition shall be accompanied or supplemented by one (1) or more sworn affidavits setting out specific facts showing the alleged stalking and the identity of the alleged stalker.

(c) No filing fee shall be charged for the filing of a petition under this section nor shall a fee be charged for service of process.

(d) The attorney general shall promulgate a standard petition form which may be used by petitioners. The clerk of the circuit or district court shall make standard petition forms available to petitioners, with instructions for completion, without charge. If the petition is not filed by the district attorney, the court may appoint an attorney to represent an indigent petitioner. Nothing in this subsection shall prevent the victim from hiring an attorney or filing a petition pro se.

(e) A petition may be filed under this section whether or not the individual who is alleged to have engaged in a course of conduct prohibited under W.S. 6–2–506 has been charged or convicted under W.S. 6–2–506 for the alleged crime.

Wyo. Stat. Ann. § 7–3–510 provides:

**§ 7–3–510. Service of order; duration and extension of order; violation; remedies not exclusive.**

(a) An order of protection granted under W.S. 7–3–509 shall be served upon the respondent pursuant to the Wyoming Rules of Civil Procedure. A copy of the order of protection shall be filed with the sheriff of the county.

(b) An order of protection granted by the court under W.S. 7–3–509 shall be effective for a fixed period of time not to exceed one (1) year. Either party may move to modify, terminate or extend the order. The order may be extended repetitively upon a showing of good cause for additional periods of time not to exceed one (1) year each.

**(c) Willful violation of a temporary order of protection issued under W.S. 7–3–508 or of an order of protection issued under W.S. 7–3–509 is a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both.** A temporary order of protection issued under W.S. 7–3–508 and an order of protection issued under W.S. 7–3–509 shall have statewide applicability and a criminal prosecution under this subsection may be commenced in any county in which the respondent commits an act in violation of the order.

(d) The remedies provided by W.S. 7–3–506 through 7–3–511 are in addition to any other civil or criminal remedy available under the law. [Emphasis added.]

[¶ 8] The order issued by the circuit court was issued under the authority of § 6–2–506(b), which provides:

**§ 6–2–506. Stalking; penalty.**

(a) As used in this section:

(i) "Course of conduct" means a pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose;

(ii) "Harass" means to engage in a course of conduct, including but not limited to verbal threats, written threats, lewd or obscene statements or images, vandalism or nonconsensual physical contact, directed at a specific person or the family of a specific person, which the defendant knew or should have known would cause a reasonable person to suffer substantial emotional distress, and which does in fact seriously alarm the person toward whom it is directed.

(b) Unless otherwise provided by law, a person commits the crime of stalking if, with intent to harass another person, the person engages in a course of conduct reasonably likely to harass that person, including but not limited to any combination of the following:

(i) Communicating, anonymously or otherwise, or causing a communication with another person by verbal, electronic, mechanical, telegraphic, telephonic or written means in a manner that harasses;

(ii) Following a person, other than within the residence of the defendant;

(iii) Placing a person under surveillance by remaining present outside his or her school, place of employment, vehicle, other place occupied by the person, or residence other than the residence of the defendant; or

(iv) Otherwise engaging in a course of conduct that harasses another person.

(c) This section does not apply to an otherwise lawful demonstration, assembly or picketing.

**(d) Except as provided under subsection (e) of this section, stalking is a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both.**

(e) A person convicted of stalking under subsection (b) of this section is guilty of felony stalking punishable by imprisonment for not more than ten (10) years, if:

(i) The act or acts leading to the conviction occurred within five (5) years of a prior conviction under this subsection, or under subsection (b) of this section, or under a substantially similar law of another jurisdiction;

(ii) The defendant caused serious bodily harm to the victim or another person in conjunction with committing the offense of stalking;

(iii) The defendant committed the offense of stalking in violation of any condition of probation, parole or bail; or

(iv) The defendant committed the offense of stalking in violation of a temporary or permanent order of protection issued pursuant to W.S. 7–3–508 or 7–3–509, or pursuant to a substantially similar law of another jurisdiction. [Emphasis added.]

[¶ 9] If all had gone as it should, Robinson would have been charged under § 7–3–510(c). However, given that the protection order was actually issued under Title 6, Robinson could have been prosecuted under § 6–2–506(d). However, there appears to be no basis to have charged and convicted Robinson under § 6–4–404(b), and there is no evidence in the record on appeal that relates to such a crime. Because of this error, we are compelled to reverse that conviction. Although it has the superficial appearance of being a harmless error as contemplated by W.R.A.P. 9.04 (in that all three of the punishment provisions are virtually identical), it is our conclusion that the lack of evidence to support the conviction, as charged, mandates reversal. Because of this disposition, we need not address the other issues raised.

## CONCLUSION

[¶ 10] The judgment of the district court is reversed as to the conviction entered pursuant to § 6–4–404, and the remainder of the judgment is affirmed. The sentence imposed for the § 6–4–404 conviction is vacated, and this matter is remanded to the district court for adjustment of the sentence accordingly.